Mathews, J.
delivered the opinion of the Court. The plaintiffs and appellees, in this suit, claim title to a certain lot of ground situated on the Bayou Road, as being a part of the commons of the city, to which their claim has been recognized and confirmed by an act of congress, entitled an act, &c. 8 Laws U. S. 303.
From the tenor of the petition it appears to be a petitory action, in which to entitle them to recover, they must shew a right and title in themselves, not only against the appellant but all other persons ;' in other words they must gain by the strength of their own title and not by. the weak, ness of their adversary.
The difficulties under which the Corporation labours, in ascertaining their right, and particularly the extent of their claim to the commons of the city, we have heretofore had occasion to witness.
The U. States, by the act of congress above alluded to, have clearly recognized the title of the city to commons adjacent to it and within 600 yards from its fortifications, and confirmed said title, under a proviso which it is not here necessary to notice. Whether this act be viewed as making an original grant and concession, or as a confirmation of an ancient right and claim, by which the United States have relinquished all pretensions, to thé property therein mentioned," and ' *674 vested a complete title in the city ; it appears to us that a fair construction of it will confirm the claim of the Corporation, under it, to such lands alone adjacent to the city, as were commons at the time of passing the aCc and had been previously such, and that any right, title or claim which the United States may have to real property within the limits from the fortifications, prescribed by the act, other than the commons, does not by this grant, or recognition and confirmation, pass to the city.
As the appellees claim under this act of con-gress, it now becomes necessary to examine whether there is any tiling in the evidence or statement of facts, which shews the lot, the subject of the present contest, to be of that description of property, embraced by the words and meaning of the law. At the time of passing the act cited, was it land belonging to the domain of the United States, subject to the right of commons of the city of New-Orleans, or was it held by the gene, ral government as a property separate and distinct from those commons ? It is evident, from the facts in the cause that the lot of ground to which the city corporation claims title, in 'the present suit, and of which they pray to be maintained in their possession and property, did not at the time, when Louisiana was ceded to the United' States, nor at the period when the act of congress was passed, make a part of the commons of the city, Qu the contrary it is stated expressly, to be ⅜ *675 part of a plantation belonging, first to Mde. Delavillier, who sold it to Mde. de Morant, this last to Moreau, who sold it to Nemengues ; from whom it was taken, in the year 1792 by the Baron de Cárondelet, for the use of the fortifications, on giving him an indemnification.
Now as the lot was not a part of the commons at the time of passing the apt of congress, underwhich the appellees claim, they have derived no title from it. They have made out no satisfactory title in any other way and’consequenty have no right to recover. ..
It is, therefore, ordered, adjudged and decreed that the judgment of the Parish Court be reversed and annulled ; and this Court proceeding here to give such judgment as ought there to have been given, do further order and decree that judgment be rendered for the appellant, with costs of suit.